FILED

2014 FEB -3 P 12: 51

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| VIRGINIA PROFESSIONAL ) <br> STAFF ASSOCIATION ) <br> 116 S Third St ) <br> Richmond, Virginia 23219 ) <br> ) <br> AND ) <br> ) <br> JOHN BALDINO ) <br> 2575 Lake Albermarle Rd ) <br> Charlottesville, Virginia 22901 ) <br> ) <br> SANDY CAMPBELL ) <br> 204 Lighthouse Drive ) <br> Hampton, Virginia 23664 ) <br> ) <br> JAMES CARUTH ) <br> 1048 Martins Point Road ) <br> Kitty Hawk, NC 27949 ) <br> ) <br> ALAN CAUDILL ) <br> 15409 Championship Dr ) <br> Haymarket, Virginia 20169 ) <br> ) <br> JAMES B. CHAPMAN ) <br> 204 Lighthouse Drive ) <br> Hampton, Virginia 23664 ) <br> ) <br> CHRISTOPHER M. DANIEL, JR. ) <br> 449 Vicar Roard ) <br> Danville, Virginia  24540 ) <br> ) <br> JANET DAWSON ) <br> 9102 Suede Court ) <br> Fairfax, Virginia 22031 ) <br> ) <br> CLAUDETTE DORN ) <br> 3748 Surrey Rd ) <br> Virginia Beach, Virginia 23455 ) <br> ) <br> JULIAN FERRAS ) | Case No. 1:14cv 00-111-___ <br><br> (GBL/TRJ) |

| | |
|---|---|
| 3610 Hawthorne Ave<br>Richmond, Virginia 23222 | )<br>) |
| CAROLE JEFFRIES<br>304 Champions Path<br>Yorktown, Virginia 22201 | )<br>)<br>)<br>) |
| WILLIAM LAMBDIN<br>185 Grandma's Hill Rd<br>Amherst, Virginia 24521 | )<br>)<br>)<br>) |
| MARSHALL LEITCH<br>113 Huffville Road<br>Pilot, Virginia 24138 | )<br>)<br>)<br>) |
| JOHN J. MEDAS<br>299 Congress Avenue<br>Hampton, Virginia 23669 | )<br>)<br>)<br>) |
| MARLENE REAGIN<br>3604 South Place<br>Alexandria VA 22309 | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| VIRGINIA EDUCATION ASSOCIATION,<br><br>116 South 3rd St.<br>Richmond, Virginia 23219 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs Virginia Professional Staff Association ("VPSA"), John Baldino, Sandy Campbell, James Caruth, Alan Caudill, James Chapman, Christopher M. Daniel, Jr., Janet Dawson, Claudette Dorn, Julian Ferras, Carole Jeffries, William Lambdin, Marshall Leitch, John Medas, and Marlene Reagin, by and through their undersigned counsel, and alleging as follows:

## PARTIES

1. VPSA is the recognized collective bargaining representative of a unit of employees employed by the Virginia Education Association ("VEA").

2. VPSA has been the collective bargaining representative for this bargaining unit without interruption for at least the past twenty (20) years.

3. Defendant VEA is, and has been at all times relevant to this litigation, an "employer" within the meaning of § 2(2) of the National Labor Relations Act (NLRA), 29 U.S.C. § 152(2), and §3(5) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1002(5),

4. Defendant VEA is the "plan sponsor" and "administrator" within the meaning of §29 U.S.C. §1002(16)(A)-(B), of the plan referenced in a series of collective bargaining agreements ("CBAs") between VPSA and VEA.

5. Plaintiff John Baldino, born in 1941, was an employee of the VEA for approximately 32 years, retiring on or about April 30, 2007.

6. Plaintiff Alan Caudill, born in 1947, was an employee of the VEA for approximately 31 years, retiring on or about October 1, 2006.

7. Plaintiff Sandie Campbell, born in 1953, was an employee of the VEA for approximately 26 years, retiring on or about September 15, 2009.

8. Plaintiff James Caruth, date of birth born in 1942, was an employee of VEA for approximately 19 years, retiring on or about July 27, 2007.

9. Plaintiff James Chapman, date of birth born in 1945, was an employee of VEA for approximately 29 years, retiring on or about September 18, 2006.

10. Plaintiff Janet Dawson, born in 1944, was an employee of VEA for approximately 16 years, retiring on or about December 31, 2011.

11. Plaintiff Christopher Daniel, born in 1946, was an employee of VEA for approximately 30 years, retiring on or about September 21, 2011.

12. Plaintiff Claudette Dorn, born in 1945, was an employee of VEA for approximately 24 years, retiring on or about July 1, 2012.

13. Plaintiff Julian Ferras, born in 1941, was an employee of VEA for approximately 35 years, retiring on or about September 1, 2008.

14. Plaintiff Carole Jeffries, born in 1942, was an employee of VEA for approximately 18 years, retiring on or about August 30, 2012.

15. Plaintiff Lanny Lambdin, born in 1949, was an employee of VEA for approximately 17 years, retiring on or about June 4, 2011.

16. Plaintiff Marshall Leitch, born in 1950, was an employee of VEA for approximately 28 years, retiring on or about June 20, 2012.

17. Plaintiff Marlene Reagin, born in 1947, was an employee of VEA for approximately 12 years, retiring on or about December 31, 2011.

18. Plaintiff John Medas, born in 1944, was an employee of VEA for approximately 32 years, retiring on or about January 31, 2012.

19. Defendant VEA is sued in its capacities as both (a) the employer party to the relevant CBAs and (b) plan sponsor and administrator of the plans referenced in the relevant CBAs.

20. VPSA and VEA have been signatory to a series of collective bargaining agreements

21. Relevant excerpts of the agreement in effect from the period of July 1, 2006, through August 31, 2009 are attached hereto as Exhibit A to the Complaint.

22. Relevant excerpts of the agreement in effect from the period of September 1, 2009, through August 31, 2012, is attached hereto as Exhibit B to the Complaint.

## JURISDICTION AND VENUE

23. As this is a dispute that arises under federal statute, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331.

24. VEA has its principal office within this District and it has members in every County and City in the Commonwealth. As such, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1).

25. Proceeding in this Division is proper pursuant to Local Rule 3(C). Using L.R. 3(C)'s replacement of the terms "judicial district" and "district" in 28 U.S.C. §1391, et seq., with "Division," §1391(b)(1) would read, in relevant part, that a civil action may be brought in "a [Division] in which any defendant resides, if all defendants are

residents of the State in which the [Division] is located." Applying L.R. 3(C), §1391(c)(2) would read, in relevant part, that for all venue purposes "an entity with the capacity to sue and be sued....shall be deemed to reside, if a defendant, in any [Division] in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Defendant VEA would be subject to personal jurisdiction in the geographic area of this Division because it has several hundred members in that area, collects dues from those members, and provides services to members employed within that area.

## FACTS

26. Plaintiffs re-allege and incorporate by reference all preceding allegations in this Complaint as though fully set forth again.

27. All the individual Plaintiffs were members of the VPSA represented bargaining unit at the time of and immediately prior to their retirement from VEA.

28. Article 37.4 of the 2009-2012 CBA stated,

> "Upon retirement, VEA shall pay $50 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage in the VEA hospitalization and major medical insurance program until age 65.
>
> For retirees 65 years of age and older, VEA shall pay $30 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage to their hospitalization insurance carrier until age 75."

29. Article 36.4 of the 2006-2009 CBA stated as follows:

> Upon retirement, VEA shall pay $50 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage in the VEA hospitalization and major medical insurance program until age 65.
>
> For retirees 65 years of age or older, VEA shall pay $30 per year of service to the VEA or any of its local affiliates (up to a maximum of 30 years) for retirees' coverage to their hospitalization insurance carrier until age 75.

30. From the time any employee retired under a CBA including the above-quoted provisions until early 2013, VEA had consistently implemented the above-referenced contractual provisions by issuing annual checks to each retiree.

31. Plaintiffs, Caudill, Chapman, Caruth, Ferras, and Baldino all retired when the 2006-2009 CBA was in effect.

32. Plaintiffs Lambdin, Leitch, Dawson, Jeffries, Campbell, Reagin, Daniel, and Dorn all retired when the 2009-2012 CBA was in effect.

33. In early 2013, VEA notified all individual Plaintiffs that VEA would cease the payments provided for in the CBAs under which those retirees retired and earned the retiree health care benefit. A representative copy of the written notice sent to the individual Plaintiffs is attached hereto as Exhibit C to the Complaint.

34. Shortly thereafter, VEA did in fact modify, and in some cases cease, the referenced

payments.

35. Prior to that time, all individual Plaintiffs received the retiree health subsidy in the amount required by the formula set forth in the collective bargaining agreement under which he/she retired.

36. For purposes of those calculations, each individual Plaintiff's subsidy was calculated using the particular retiree's years of service set forth above in this Complaint.

37. Those Plaintiffs who have already reached age 65 have all been subject to a complete unilateral termination of benefits by VEA.

38. Prior to the unilateral changes in 2013, Plaintiff Lambdin was receiving an annualized benefit of $850.

39. Since the unilateral changes in 2013, Plaintiff Lambdin has been receiving an annualized benefit equal to $680.

40. Prior to the unilateral changes in 2013, Plaintiff Leitch was receiving an annualized benefit of $1,400.

41. Since the unilateral changes in 2013, Plaintiff Leitch has been receiving an annualized benefit equal to $1,120.

42. Prior to the unilateral changes in 2013, Plaintiff Campbell was receiving an annualized benefit of $1,300.

43. Since the unilateral changes in 2013, Plaintiff Campbell has been receiving an annualized benefit equal to $1,040.

44. The remaining individual Plaintiffs were all 65 years of age or older at the time of the unilateral cuts.

45. Those individual Plaintiffs who were 65 years of age or older at the time of the unilateral cuts have not received any benefits at all since that time.

46. The collectively bargained arrangements described above, pursuant to which retiree health care subsidies are provided to the individual Plaintiffs, are "employee welfare benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).

47. The individual Plaintiffs are "participants" in the employee welfare benefit plan, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

48. The terms of the employee welfare benefit plan are exactly those set forth in the sections of the collective bargaining agreements excerpted above.

49. Under the terms of the collective bargaining agreements which under which the individual Plaintiffs retired, VEA may not unilaterally terminate or modify those benefits.

50. If VEA's unilateral changes to benefits that it is obligated to provide under collectively bargained benefit agreements are allowed to remain in place, all retirees will be vulnerable in the future to additional unilateral changes in their benefits at any time VEA deems it convenient.

## COUNT I

### BREACH OF CONTRACT BETWEEN EMPLOYER AND LABOR ORGANIZATION

51. Plaintiffs re-allege and incorporate by reference all preceding allegations in this Complaint as though fully set forth in this Count.

52. 29 U.S.C. § 185 confers jurisdiction on the federal courts to enforce contractual

agreements between an employer and a labor organization.

53. Plaintiff VPSA seeks to enforce the terms of the 2006-2009 CBA and the 2009-2012 CBA.

54. VEA breached those CBAs in 2013 when it ceased payment of contractually guaranteed, vested benefits.

55. The arbitration provisions contained in those CBAs are no longer in effect; thus, Plaintiffs have no forum other than federal court to enforce their rights.

56. As a result of VEA's unilateral changes, the individual Plaintiffs, as third party beneficiaries of the collective bargaining agreements, have suffered and will continue to suffer damages consisting of the amounts VEA was contractually obligated to pay them.

57. Under Count I, all Plaintiffs seek

   a. a declaration that VEA cannot unilaterally terminate or modify the retiree health care benefits provided for in the referenced CBAs,

   b. a permanent injunction prohibiting such termination or modification

   c. damages for any benefit reductions or eliminations already implemented by VEA at any time prior to final judgment

## COUNT II

### VIOLATION OF EMPLOYEE WELFARE AND BENEFIT PLAN ERISA §502 (a)(1)(B) and (a)(3)

58. Plaintiffs re-allege and incorporate by reference all preceding allegations in this Complaint as though fully set forth in this Count.

59. VEA's unilateral changes to the retiree health care benefits it is obligated to provide to the individual Plaintiffs under the terms of the collective bargaining agreements violate its obligations as plan sponsor and plan administrator.

60. Under ERISA §502(a)(1)(B) and (a)(3), 29 U.S.C. §1132(a)(1)(B) and (a)(3), the individual Plaintiffs are entitled to enforce their rights under the terms of the Plan and to clarify their rights to future benefits under the terms of the Plan.

61. Under ERISA §502(a)(1)(B) and (a)(3), 29 U.S.C. §1132(a)(1)(B) and (a)(3), VEA's unilateral changes also entitle the individual Plaintiffs to recover the benefits due to them under the Plan, without regard to VEA's unilateral changes.

62. Under Count II, the individual Plaintiffs seek

   a. a declaration that VEA cannot unilaterally terminate or modify the retiree health care benefits provided for in the referenced CBAs,

   b. a permanent injunction prohibiting such termination or modification

   c. damages for any benefit reductions or eliminations already implemented by VEA at any time prior to final judgment

### **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court:

63. Declare that VEA may not unilaterally terminate or modify the retiree health care benefits set forth in the applicable collective bargaining agreements between VEA

and VPSA.

64. Permanently enjoin VEA from terminating or modifying the benefits the employer is required to provide to the individual Plaintiffs under the terms of the applicable collective bargaining agreements, and require VEA to restore such benefits to the extent of any unilateral changes that it has made through the date of judgment.

65. Award the individual Plaintiffs such benefits, pursuant to the terms of the collective bargaining agreements as are necessary to restore them to the position they would have occupied but for VEA's contractual and statutory violations.

66. Award Plaintiffs' their reasonable attorneys' fees and costs incurred in this action.

67. Grant such further relief as the Court may deem just and proper.

## JURY DEMAND

68. Plaintiffs request a jury trial of all issues so triable.

Respectfully submitted,

*/s/ Justin P. Keating*

Justin P. Keating
VA Bar #75880
BEINS, AXELROD, P.C.
1625 Massachusetts Ave., NW
Suite 500
Washington DC 20036
202.328.7222 x235
FAX 866.204.3230
jkeating@beinsaxelrod.com

**COUNSEL TO PLAINTIFFS**